UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Margetta Langlois ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-c.v.-11588 |
| ) | |
| Michael Hugo, ) | |
| Samuel M. Pollack ) | |
| Albert C. Flanders ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF MICHAEL R. HUGO, FILED PURSUANT TO ORDER OF COURT, DATED OCTOBER 21, 2004

**COMES NOW,** Defendant, Michael R. Hugo, and, pursuant to an ORDER of the Court, Zobel, USDJ, entered on October 21, 2004, that this ANSWER be FILED FORTHWITH, Respectfully files the within ANSWER, and AFFIRMATIVE DEFENSES, pursuant, thereto. This defendant states:

1. The defendant is without sufficient knowledge to either admit or deny the allegations contained in this paragraph, HOWEVER, respectfully points out that her legal residence is Lowell, Massachusetts, according to her jurisdictional statement on the Cover Sheet.

2. The defendant denies the allegations contained in Paragraph 2.

3. The defendant is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and thereby denies the allegations of Paragraph 3.

4. Paragraph 4 is unintelligible and as such the defendant denies any and all allegations which are either contained in the written language of paragraph 4 and/or may be inferred from the meaning of the language contained in Paragraph 4.

5. Paragraph 5 is unintelligible and as such the defendant denies any and all allegations which are either contained in the written language of paragraph 5 and/or may be inferred from the meaning of the language contained in Paragraph 5.

6. A. Paragraph 6A is unintelligible and as such the defendant denies any and all allegations which are either contained in the written language of paragraph 6A and/or may be inferred from the meaning of the language contained in Paragraph 6A.

   B. The defendant admits that they did not inform the Bankruptcy Trust of the Plaintiff's new address.

   C. The defendant denies the allegations contained in Paragraph 6C.

   D. This Paragraph does not set forth allegations that need to be either admitted or denied by the defendant, as such the defendant denies any allegations contained herein.

   E. Paragraph 6E is unintelligible and as such the defendant denies any and all allegations which are either contained in the written language of paragraph 6E and/or may be inferred from the meaning of the language contained in Paragraph 6E.

   F. The defendant denies the allegations contained in Paragraph F.

7. Paragraph 7 is unintelligible and as such the defendant denies any and all allegations which are either contained in the written language of paragraph 7 and/or may be inferred from the meaning of the language contained in Paragraph 7.

8. The defendant denies the allegations contained in Paragraph 8.

9. 
   1. The defendant denies the allegations contained in Paragraph 9.1.
   2. The defendant denies the allegations contained in Paragraph 9.2.
   3. The defendant denies the allegations contained in Paragraph 9.3.
   4. The defendant denies the allegations contained in Paragraph 9.4.

10. Paragraph 10 is unintelligible and as such the defendant denies any and all allegations which are either contained in the written language of paragraph 10 and/or may be inferred from the meaning of the language contained in Paragraph 10.

11. This Paragraph does not set forth allegations that need to be either admitted or denied by the defendant, as such the defendant denies any allegations contained herein.

12. This Paragraph does not set forth allegations that need to be either admitted or denied by the defendant, as such the defendant denies any allegations contained herein.

13. The defendant denies the allegations contained in Paragraph 13.

14. This Paragraph does not set forth allegations that need to be either admitted or denied by the defendant, as such the defendant denies any allegations contained herein.

15. This Paragraph does not set forth allegations that need to be either admitted or denied by the defendant, as such the defendant denies any allegations contained herein.

## AFFIRMATIVE DEFENSES

1. The COMPLAINT must be dismissed as this court lacks jurisdiction over the subject matter, pursuant to F.R.Civ.P. 12(b)(1). Grounds for this defense are set forth in a motion filed on October 13, 2004, in this action.

2. The COMPLAINT must be dismissed as it fails to state a claim upon which relief can be granted, pursuant to F.R.Civ.P. 12(b)(6)

### DEFENDANT, MICHAEL R. HUGO, DEMANDS A TRIAL BY JURY ON ALL COUNTS.

_____
Michael R. Hugo
BBO No. 243890
95 Commercial Wharf
Boston, MA 02110
(617) 973-9777

Dated: October 21, 2004

### CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served upon the plaintiff, by mailing a copy hereof to her address stated on her complaint, PO Box 3091, Holiday, FL 34690, and upon all other parties known to me, to wit, Samuel Pollack, via first class U.S. Mail, postage prepaid, and/or via facsimile, this 21st day of October, 2004.

_____
Michael R. Hugo