1)

MARGETTA LANGLOIS Pro Se

v.                                    04-CV-11588

(c.c. MICHAEL HUGO —                  JUDGE
 c.c. SAMUEL POLLACK —                 ZOBEL
 c.c. ALBERT FLANDERS —
 and all — listed)

MOTION AND REQUEST TO
"STRIKE" MICHAEL HUGO'S STATEMENTS
All — FROM OCT. 13 2004
"FALSE ALLEGATIONS, + ASSUMPTIONS W/ NO EVID."

NOW COMES THE PLAINTIFF
MARGETTA LANGLOIS AND ASKS THIS
COURT TO STRIKE STATEMENTS OF 10/13/04
MICHAEL HUGO — DUE TO
FALSE ALLEGATIONS TO DEFAME
Plaintiff. 1) MICHAEL HUGO IS "NOT"
A DOCTOR TO ASSUME IF IMPLANTS
30 YRS. OLD ARE NOT RUPTURED —
                                    NOR
        2) HAS BEEN HIRED TO BE
ON THE REVIEW BOARD TO ACCESS
MY DAMAGES, + SUFFERING + PAIN ON MY
D.C. CASE I HAVE SEVERLY SUFFERINGS
AT THEIR INCOMPETENCE +
GROSS NEGLIGENCE + INEFFECTIVE
COUNSEL + NOT FILING MY CASE IN
A TIMELY FASHION TO RECEIVE
MONIES — 6/15/04 FOR OPERATION —

3) PLAINTIFF WILL BRING EVERYTHING
ALL EVIDENCE ON 1/20/05 OPERATION

3)

by 2/16/04 By All 3 Attorneys Hugo, Pollack + Flanders

MOTION: For DEFAULT AND FINAL JUDGEMENT SHOULD BE GRANTED TO Plaintiff FOR ALL 3 ATTORNEYS "Full Amount of $300,000 + (3 Times) Triple Damages (W/ Int. To Date — + Thereafter) Til Hugo Can prove His Lien is Valid To Give All Discovery Stamped dated by Dow Corning 1992 + Address Provided in 1995 To Now — 3/1/04 To Collect Alleged Lien.

If Implants Are Ruptured Amended Suit will Be filed For "Defaming Plaintiff by Slander — Respectfully Submitted
Plaintiff Asks Court Marjetta Langlois 12/15/04
To Strike Hugo's (All)
10/13/04 Statements + False Allegations + Assumptions

U.S.D.C.   1-617-748-9251
J. Johnson —
for Judge Zobel

Case
04 C.V. 11588
Judge Zobel

Langlois
v.
Hugo, Pollack &
Flanders — their clients are after me at bottom of list — on Rec. 10/21/04

Case — Dow Corning Breast Implant Case.
3 attorneys did nothing on my case up to fired Atty/Firm, breaks up just before case is 10/04, giving money w/ all my original forms never given to D.C. Why? w/ held address of 5+ yrs from D.C. Why? No cares in 7 yrs from Michael Hugo — + all w/ held original forms to D.C. Why? + to "Process case" to receive monies w/ D.C. Letter 1/03! In file as evidence I am at the bottom of list to be reviewed or processed then telling (me) to file all papers + originals forms — I almost lost my (12 yrs +) case w/ D.C. Then a false lien put on my D.C. case + refuse to give over all discovery as to what they did to defraud me w/ no end.

Margette Langlois 12/15/04

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MARGETTA LANGLOIS, *Pro se* )
)
Plaintiff, )   CIVIL ACTION
)   No: 04-CV-11588 RZ
v. )
)
MICHAEL HUGO, *et al* )
)
Defendant. )

## MOTION FOR A MORE DEFINITE STATEMENT OF MICHAEL HUGO PURSUANT TO F.R.CIV.P. 12(e), OR IN THE ALTERNATIVE, TO DISMISS FOR LACK OF JURISDICTION, PURSUANT TO F.R.Civ.P. 12(B)(1) and (2)

**COMES NOW**, defendant Michael R. Hugo, and moves for a more definite statement of the allegations of the plaintiff, as against this defendant. As grounds for this motion, the defendant states that the allegations in the Complaint are largely incoherent, and can not be responded to, pursuant to F.R.Civ.P. 12(a)(1). The paragraphs which cannot be responded to are: paragraphs 4; 5; 6(a), (b), (c), (d), (e) & (f); 7; 8; 9; and 10.

In the Alternative, the defendant moves that this matter be dismissed for lack of federal jurisdiction.

Pursuant to F.R.Civ.P. 12, grounds are set forth with more particularity in the Memorandum In Support of this Motion, filed herewith.

Dated: October 13, 2004

Respectfully Submitted,

_____
Michael R. Hugo
95 Commercial Wharf
Boston, MA 02110
(617) 973-9777

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGETTA LANGLOIS, *Pro se* ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | No: 04-CV-11588 RZ |
| v. ) | |
| ) | |
| MICHAEL HUGO, *et al* ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR A MORE DEFINITE STATEMENT OF MICHAEL HUGO, PURSUANT TO F.R.CIV.P. 12(e), OR IN THE ALTERNATIVE, TO DISMISS FOR LACK OF JURISDICTION, PURSUANT TO F.R.Civ.P. 12(B)(1) and (2)

The plaintiff has filed a complaint in this matter, setting forth unintelligible and vague allegations, which may or may not set forth a compensible claim or claims. As constituted, the Complaint is unanswerable. It is also defective, inasmuch as this Honorable Court lacks jurisdiction to make any rulings, whatsoever, other than to dismiss the action on federal jurisdictional grounds.

## DISMISSAL MOTION

The defendant has chosen to bring this action in Federal Court. This was an incorrect choice, inasmuch as there is no diversity of citizenship between the plaintiff and the within defendant. In her cover sheet, the plaintiff lists her *mailing address* as a post office box in Holiday, Florida, but lists her **residence**, as "Lowell, MASS." (SIC) on her cover sheet. Ms. Langlois is a citizen of the same county as the within defendant, Middlesex County. Thus, this action should have been brought in Middlesex County Superior Court, and *not* in the U.S.

1

District Court. No issue, within the four corners of the complaint can rebut the fact that there is simply no diversity of citizenship, therefore, no jurisdiction in this Honorable Court.

Accordingly, it is a proper exercise of this Court's power to dismiss this case, and for the plaintiff to refile it in the Superior Court of Middlesex County. Case law clearly supports this motion. The issue of subject matter jurisdiction is not waivable by either or both parties. *Moodie v. Federal Res. Bk..of N.Y.*, 58 F.3rd 879 (2nd Cir. 1995). In a case such as this, the Court must *not* presume that the plaintiff's allegations and averments are true. In cases of substantive subject matter jurisdiction, such allegations must be weighed without regard for the merits of the case. *Valentine v. Hospital Bella Vista*, 254 F.3rd 358 (1st Cir. 2001).

Indeed, since *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806), it has been held universally that the diversity statute requires that all defendants and all plaintiffs must reside in diverse jurisdictions. *See also, Alshrafi v. American Airlines, Inc.*, 321 F. Supp. 2nd 150 (D.MA 2004). The First Circuit holds that District Courts have an "unflagging duty to ensure that they possess subject matter jurisdiction over cases." *American Policyholders Ins. Co. v. Nyacol Products, Inc.*, 989 F.2d 1256 (C.A.1, 1993).

Assuming, arguendo, that this court *were* to find diversity, then the case would still fail to meet the jurisdictional limit of $75,000, as set forth in 28 USC § 1332. Under the Dow Bankruptcy Plan, adopted by the U.S. District Court for the Western District of Michigan, Ms. Langlois would qualify for benefits for Atypical Connective Tissue Disease, category "B" (35% disability), in the amount of $24,000; and would qualify for funds to pay for an explant, in the amount of $5000. This is a court-ordered payment of $29,000.00, *not rising* to the jurisdictional limit. Upon information and belief, Ms. Langlois has not demonstrated that her implant(s) have

2

any rupture, but should she be able to prove that, she would qualify for an additional amount of $25,000, bringing her maximum recovery to $54,000, *still shy of the jurisdictional amount!*

This case *must* be dismissed for lack of jurisdiction.

## MORE DEFINITE STATEMENT

The within defendant is uncertain who the parties are. The caption lists "Flanders" as a party. As stated, this defendant has no way of knowing who that co-defendant is. The mere recitation of a last name, "Flanders" of Boston, leaves the defendant unsure of whether the plaintiff is suing M.B. Flanders of 38 Union park, Boston; Mark Flanders of 8 Whittier Place, Boston; or Robert Flanders, of 485 Broadway, East Boston. These are the only listings for the last name, "Flanders" in www.whitepages.com a computer internet based directory. Under www.yellowpages.com, there is one listing for "Flanders," and that is Flanders & Associates of 368 Congress Street, Boston. In fairness, the defendant knows of one Albert Flanders, the only Flanders known to him, but he is not "of Boston."

As to specific allegations, a reading of paragraphs 4; 5; 6(a), (b), (c), (d), (e) & (f); 7; 8; 9; and 10.

Paragraph 4. is unclear, insofar as some sort of allegation about a contingency fee agreement is being made, but the within defendant is uncertain what the plaintiff is attempting to allege. It would be impossible to frame a meaningful response within Rule 12(a), to this allegation.

Paragraph 5 is incomprehensible. It would be impossible to frame a meaningful response within Rule 12(a), to this allegation.

3

Paragraph 6(a) is also incomprehensible. The defendant can not figure out what the plaintiff is trying to allege, or to say. It would be impossible to frame a meaningful response within Rule 12(a), to this allegation.

As to 6(b), the within defendant only knew that the plaintiff's address changed once, and that was when she moved to Framingham, to live at MCI Framingham. The allegation is ambiguous as to what the plaintiff is attempting to state, and it would be impossible to frame a meaningful response within Rule 12(a), to this allegation.

As to paragraph 6(c), the defendant can not figure out what the plaintiff is alleging. It would appear that she is alleging that the defendants should have dons something *after* she discharged them. It would be impossible to frame a meaningful response within Rule 12(a), to this allegation.

As for 6(d), (e) and (f), again, the defendant can not discern an allegation, and can not frame a response.

The defendant has no idea at all what the plaintiff is stating in paragraph 7. It would be impossible to frame a meaningful response within Rule 12(a), to this allegation.

The contents of paragraph 8 are scurrilous and totally unclear. It would be impossible to frame a meaningful response within Rule 12(a), to this allegation.

Although paragraph 9 is extensive in size, it is totally unclear in its content. While it appears to list items that Ms. Langlois can not collect under the terms of the Class Settlement, the defendant is uncertain that that is what she is trying to claim. If that is – in fact – what she is claiming, then she has failed to exhaust her administrative remedies, as the claims period is still wide open for her. It would be impossible to frame a meaningful response within Rule 12(a), to this allegation.

4

Paragraph 10 is also an incomprehensible rant. The within defendant has no way of knowing what the plaintiff is saying. It would be impossible to frame a meaningful response within Rule 12(a), to this allegation.

The remaining paragraphs would appear to constitute Ms. Langlois' prayers for relief, and would not be subject to an answer or a responsive pleading. This is totally unclear, however, so just to be certain that they are not actual allegations, subject to Rule 12(a) responses, they are included in this Motion.

## ARGUMENT

"Confusing complaints place an unfair burden upon litigants and judges." *McHenry v. Renne*, 84 F. 3rd 1172 (9th Cir. 1996). Both the court and the litigants are entitled to know who is being sued, why, and for what. *Id.* The complaint in this matter fails to set forth with sufficient clarity who is being sued, why, and for what.

## CONCLUSION

The within defendant, Michael R. Hugo, is asking this Honorable Court to allow him to frame a fair and complete response to the complaint. As it is currently set forth, the complaint is impossible to respond to, inasmuch as it is incomprehensible, scurrilous, vague and ambiguous. It would be proper for this Court to enter an order, compelling the plaintiff to frame proper allegations, using proper grammatical usage, so that the defendant can understand the nature of the cause of action.

Dated: October 13, 2004

Respectfully Submitted,

*[signature]*

Michael R. Hugo, *Pro se*
95 Commercial Wharf
Boston, MA 02110
(617) 973-9777

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served upon the plaintiff, by mailing a copy hereof to her address stated on her complaint, PO Box 3091, Holiday, FL 34690, and upon all other parties known to me, to wit, Samuel Pollack, via first class U.S. Mail, postage prepaid, and or via facsimile, this 13th day of October, 2004.

*[signature]*

Michael R. Hugo

6