UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARGETTA LANGLOIS, | ) |
| Pro Se Plaintiff, | ) CIVIL ACTION: 04-CV-11588 |
| v. | ) |
| SAMUEL POLLACK, MICHAEL HUGO, ALBERT FLANDERS | ) |
| Defendants. | ) |

FILED
CLERKS OFFICE
2005 FEB -2  P 3: 38
U.S. DISTRICT COURT
DISTRICT OF MASS

## DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES ADDRESSED TO PLAINTIFF, MARGETTA LANGLOIS

NOW COMES the Defendants, Samuel M. Pollack and Albert Flanders, and moves that this Honorable Court Order that the Plaintiff, Margetta Langlois, produce documents and answer interrogatories in accordance with Rule 37 of the Mass. Rules of Civ. Proc. As reasons therefore the Defendants, Samuel M. Pollack and Albert Flanders, state as follows:

1. The Plaintiff, Margetta Langlois has filed a complaint against Samuel M. Pollack and Albert Flanders, herein referred to as "Defendants."

2. On October 22, 2004, a Scheduling Order came as the result of a scheduling conference held pursuant to Rule 16, Fed, R. Civ. P., 28 U.S.C., a copy of the Scheduling Order is attached hereto as Exhibit 1.

3. The Scheduling Order asserted that the parties agreed that the only issue to be tried is whether Defendants were negligent by failing to file the executed proof of claim forms on or before December 31, 2003.

4. Further, the Scheduling Order maintained that the Court adopts Defendants' proposed pretrial schedule, paragraphs 1(a) through (g), a copy of the Defendants' Pretrial Scheduling Statement is attached hereto as Exhibit 2.

5. In furtherance of the Pretrial Scheduling Statement, discovery for this matter is to conclude by January 31, 2005.

6. On December 2, 2004, the Defendants served upon the Plaintiff a Request of Defendants for Production of Documents for Inspection and Copying as well as Interrogatories of Defendants to Plaintiff, a copy of the Request of Defendants for Production of Documents for Inspection and Copying and Interrogatories of Defendants to Plaintiff is attached hereto as Exhibit 3.

7. The Plaintiff was served at the primary mailing address that was provided in her Complaint, namely P.O. Box 3091, Holiday, FL 34690.

8. On December 8, 2004, having received no response from the Plaintiff, the Defendants served upon the Plaintiff another copy of the Request of Defendants for Production of Documents for Inspection and Copying as well as Interrogatories of Defendants to Plaintiff, a copy of the Request and Interrogatories with the accompanying cover letter is attached hereto as Exhibit 4.

9. The Plaintiff was served at a secondary mailing address, namely 3 Thompson Court, Lowell, MA 01854.

10. On December 15, 2004 the Defendants received the Plaintiff's response to the Defendants' document requests and answer to interrogatories, a copy of the Plaintiff's response is attached hereto as Exhibit 5.

11. With an appreciation for the fact that the Plaintiff is pursuing her claim Pro Se, the Defendants assert that the Plaintiff's responses to their document requests as well as the answers to interrogatories are unresponsive, insufficient and in many cases illegible.

12. Further, the Defendants would assert that as Defendants in a complaint filed by the Plaintiff, they are entitled to a responsive answer to both their document requests and interrogatories. Specifically, the Defendants are entitled to know what evidence there is to substantiate the complaint held against them.

13. The Defendants, in good faith; tailored their document requests and interrogatories in a manner that would only require the Plaintiff to provide discovery responses that addressed the only issue to be tried in this matter, that being; whether Defendants were negligent by failing to file the executed proof of claim forms on or before December 31, 2003.

14. More specifically, the Defendants are simply asking the Plaintiff to provide adequate discovery responses to establish that the Defendants in fact acted in a negligent manner and that the Plaintiff as a result of the alleged neglect has in fact suffered damages.

15. On December 27, 2004 the Defendants, pursuant to Local Rule 37.1 (a) of the United States District Court For The District of Massachusetts, wrote a letter

to serve as a request to meet and confer relating to the unresponsive and insufficient nature of the Plaintiff's discovery responses, a copy of the December 27, 2004 letter is attached hereto as Exhibit 6.

16. The Defendants, in attempt to further accommodate the Plaintiff, provided a selected portion of the previously served interrogatories and document requests for which no sufficient or responsive response and/or answer has been provided.

17. The Plaintiff contacted the Defendants and asserted that she was the victim in this matter and that it was the Defendants' obligation to produce evidence and that she has been more than responsive to the Defendants' document requests and interrogatories.

18. On January 13, 2005, the Defendants received the Plaintiff's response to their December 27, 2004 correspondence, a copy of the Plaintiff's response to the Defendants December 27, 2004 letter is attached hereto as Exhibit 7.

19. Once again, the Plaintiff's responses can best be described as unresponsive, insufficient and for the most part illegible and nonsensical.

20. This motion addresses the previously selected document requests and interrogatories that were detailed in the Defendants' December 27, 2004 correspondence with the Plaintiff as well as other pertinent discovery requests for which the Defendants seek a Court Order, compelling the Plaintiff, Margetta Langlois to produce and answer.

21. In this Motion to Compel the Defendants are now seeking this Honorable Court to Order the Plaintiff, Margetta Langlois to produce the following:

Document Request No. 1

"Each and every document of whatever kind that you intend to offer as evidence at trial of this action."

22. The Defendants will reassert that the Plaintiff's response to Document Request No. 1 is unresponsive, insufficient, illegible and nonsensical.

23. The Plaintiff responded to the Defendants' Document Request No. 1 by merely handwriting the following:

" All letters to you's by D.C.  Original's copies never sent out, letter 11/03 from D.C. for Original forms to."

24. In this Motion to Compel the Defendants are now seeking this Honorable Court to Order the Plaintiff, Margetta Langlois to produce the following:

Document Request No. 4

"Documents that identify, refer to, comment on, or constitute the factual basis of your assertion in Paragraph 8 of your Complaint that you "will not be collecting any monies" for your Dow Corning claim due to "gross neglect by ineffective counsel with malpractice, and false misrepresentation and a false and illegal lien on" your case."

25. The Defendants assert that the Plaintiff's response to Document Request No. 4 is unresponsive and insufficient.

26. The Plaintiff responded to the Defendants' Document Request No. 4 by merely handwriting the following:

> "My case could not be processed w/o original forms w/ D.C. letter 11/03 to you."

27. In this Motion to Compel the Defendants are now seeking this Honorable Court to Order the Plaintiff, Margetta Langlois to produce the following:

    Document Request No. 5

    > "Documents that identify, refer to, comment on, or constitute the factual basis of your assertion in Paragraph 10 of your Complaint that the Defendants "failed to file case in proper manner for deadline [in 2003] to collect monies.""

28. The Defendants assert that the Plaintiff's response to Document Request No. 5 is unresponsive.

29. The Plaintiff responded to the Defendants' Document Request No. 5 by handwriting the following:

    > "D.C. 11/03 asked for my originals, why did you's not send them in"

30. In this Motion to Compel the Defendants are now seeking this Honorable Court to Order the Plaintiff, Margetta Langlois to produce the following:

    Document Request No. 7

    > "Documents, specifically medical records, that identify, prove, comment on, or constitute the factual basis of your assertion in Paragraph 10 of your Complaint that you suffered "hardship, mental and emotional stress" due to the Defendants' alleged "incompetence.""

31. The Defendants assert that the Plaintiff's response to Document Request No. 7 is unresponsive, incoherent and nonsensical.

32. The Plaintiff responded to the Defendants' Document Request No. 7 by handwriting the following:

> "Can't get Implants out $5,000, I'm borrowing to get operated in office, old implants out, cysts and lumps in left breast plus silicone lump under left armpit plus new implants in – Jail I went to illegally and knowing by Dr. Wendy Clough's exam how bad I am you's let me, medically neglected In 1997-1998. I talked w/ Hugo and (up to 1999-Sam Pollack w/ new address P.O Box 3091 Holiday, Fl and did not give reports to D.C. why?"

33. In this Motion to Compel the Defendants are now seeking this Honorable Court to Order the Plaintiff, Margetta Langlois to produce the following:

    Document Request No.9

> "Documents that identify, refer to, comment on, or constitute oral or written communications made by or to the Dow Corning Settlement Facility."

34. The Defendants assert that the Plaintiff's response to Document Request No. 9 is unresponsive and insufficient.

35. The Plaintiff responded to the Defendants' Document Request No. 9 by handwriting the following:

> "All my file 5/1/04 to D.C. 5/4/04"

36. In this Motion to Compel the Defendants are now seeking this Honorable Court to Order the Plaintiff, Margetta Langlois to produce the following:

    Document Request No. 12

    "All documents given or sent to you by Dow Corning Corporation or the Dow Corning Settlement Facility or any of its agents, servants, or employees relating to, referring to, commenting upon, or constituting the factual basis of any claim or defense made in this action."

37. The Defendants assert that the Plaintiff's response to Document Request No. 12 is unresponsive and insufficient.

38. The Plaintiff responded to the Defendants' Document Request No. 9 by handwriting the following:

    "Letter or "originals" received by me not attorney's may 4-04 approved manufacturer 7/11/04"

39. In this Motion to Compel the Defendants are now seeking this Honorable Court to Order the Plaintiff, Margetta Langlois to produce the following:

    Document Request No. 16

    "Any and all medical records, hospital records, progress reports, radiological reports, x-rays, pathology reports, tissue samples, cytology, physicians' or nurses' notations, admission and discharge summaries, operative reports, medical histories, physical examination records, diagnostic and laboratory test records, records or prescribed medication, insurance forms, bills of service

and any other document relating to, referring to, or commenting on your Dow Corning breast implant claim."

40. The Defendants assert that the Plaintiff's response to Document Request No. 16 is unresponsive and insufficient.

41. The Plaintiff responded to the Defendants' Document Request No. 16 by handwriting the following:

> "Operation – Jan. 20-05- I will bring, all evidence inside me for Jury to know 3 attorneys let me sit to die."

42. In this Motion to Compel the Defendants are further seeking this Honorable Court to Order the Plaintiff, Margetta Langlois to answer the following:

Interrogatory No. 6

> "Please set out each and every fact, record and/or complaint on which you rely for your assertion made in paragraph 5 of the Complaint that "nothing done all these years" on your Dow Corning case."

Interrogatory No. 7

> "Please set our each and every fact, record and or complaint on which you rely for your assertion made in paragraph 6(f) of the Complaint that your "original forms were supposed to be filed in '03 [sic] to collect my civil suit against Dow Corning."

Interrogatory No. 13

> "Please set out each and every fact, record and/or document on which you rely for your assertion made in paragraph 10 of

       Complaint that the Defendants' "false misrepresentation and ineffective counsel caused client more hardship, mental and emotional stress.""

43. The Defendants will once again assert that the Plaintiff's answers to all of the aforementioned interrogatories, much like the aforementioned document requests responses; are either unresponsive, insufficient, illegible and/or for the most part nonsensical.

44. The Plaintiff answered Interrogatory No. 6 by handwriting the following:

       "1) enevelope w/ P.O. Box 3091 Holiday, Fla (11/99), address never changed 5 yrs til I did 5/04."

       "2) Original forms never sent in by any 3 attorneys, I did 5/4/04."

       "3) All medical releases never sent out back to 1992 – to now none by attorneys (I did 6/04) and hospital reports lawyers never did. I did."

       " Pictures of me silicone rash never sent in to D.C. I will 12/14/04 and to court too, for jury."

45. The Plaintiff answered Interrogatory No. 7 by handwriting the following:

       "Listen to D.C. tape by 12/03 for payment, "original forms" never sent."

       "In 11/03 w/ Demand letter to Hugo & Pollack not Plaintiff, never sent in why?"

       "Plaintiff did all of case to complete nothing entered by attorneys."

46. The Plaintiff answered Interrogatory No. 13 by handwriting the following:

"Did not receive 1) Explant monies, have to borrow money and have to have major operation in office not hospital ($2000 more)."

47. The Plaintiff's responses and answers to document requests and interrogatories have clearly been either unresponsive, insufficient, illegible and/or for the most part nonsensical.

48. The Plaintiff's responses and answers have most certainly been prejudicial to the Defendants in their attempt to conduct efficient and meaningful discovery.

49. As the supported facts have shown, the Plaintiff has continued to delay and ultimately taint the discovery process by responding in a consistent unresponsive manner.

50. Throughout the discovery process, the Defendants have continued to make good faith efforts to conduct discovery.

51. Based upon the aforementioned, the Defendants are entitled to an Order that the specific documents sought be produced and the answers to interrogatories answered in a responsive manner.

WHEREFORE, for the foregoing reasons, the Defendants, Samuel M. Pollack and Albert Flanders, respectfully request that this Honorable Court compel the production of documents and answers to interrogatories served upon the Plaintiff, Margetta Langlois.

Dated: January 31, 2005

Respectfully Submitted:

*[signature]*

Samuel M. Pollack, Esq.
On behalf of the Defendants, Samuel M. Pollack and Albert Flanders
BBO# 560617
Pollack & Flanders, LLP
Boston, MA 02109

## CERTIFICATE OF SERVICE

I, Samuel M. Pollack, hereby certify that I have this _31_ day of January, 2005, served a true copy of the foregoing by U.S. Mail, upon Pro Se Plaintiff:

Margetta Langlois
3 Thompson Court
Lowell, MA 01854

Margetta Langlois
P.O. Box 3091
Holiday, FL 34690

Michael Hugo
95 Commercial Wharf
Boston, MA 02109

_____
Samuel M. Pollack, Esq.
BBO# 560617
Pollack & Flanders, LLP