UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                )
MARGETTA LANGLOIS,              )
                                )
            Plaintiff,          )          CIVIL ACTION:  04-CV11588
                                )
v.                              )
                                )
SAMUEL POLLACK,                 )
MICHAEL HUGO,                   )
ALBERT FLANDERS                 )
                                )
            Defendants.         )
_____)

Notice of Taking Deposition

TO:    Michael Hugo, Esq.
       95 Commercial Wharf
       Boston, MA 02110

PLEASE TAKE NOTICE that beginning Monday, June 13, 2005 at 9:00 a.m. and
continuing day to day thereafter until completed, weekends and holidays excepted, at the
law office of Anthony V. Rozzi, 356 Main Street, Haverhill, MA 01832, Plaintiff
Margetta Langlois will take the deposition of Defendant Michael Hugo.

The deposition will be taken upon oral examination before a Notary Public or before
some other officer authorized by law to administer oaths in accordance with and pursuant
to applicable provisions of the Federal Rules of Civil Procedure.

Please bring with you to the deposition all documents that are responsive to previously
served interrogatories and the second set of interrogatories.  Specifically:

        1.  All documents you generated on Plaintiff's behalf in her action against
            Dow Corning.
        2.  All documents pertaining to any fee agreement between you and the
            Plaintiff.
        3.  Any documents you filed with the Dow Corning Settlement Trust Fund.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                )
MARGETTA LANGLOIS,              )
                                )
            Plaintiff,          )           CIVIL ACTION:  04-CV11588
                                )
v.                              )
                                )
SAMUEL POLLACK,                 )
MICHAEL HUGO,                   )
ALBERT FLANDERS                 )
                                )
            Defendants.         )
_____)


<u>SECOND SET OF INTERROGATORIES OF PLAINTIFF TO DEFENDANTS</u>

         Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff requires
the Defendants to answer the following written interrogatories pursuant to the following
instructions and in accordance with the following definitions.

<u>INSTRUCTIONS</u>

A.  Rule 33(b) requires that each interrogatory must be answered separately and fully in
writing under the penalties of perjury, unless it is objected to, in which event the reasons
for the objection must be stated in lieu of the answer.  Each answer or objection must be
preceded by the interrogatory to which it responds.  The answers must be signed by the
person making them.  Objections made to any interrogatory must be signed by the person
or attorney making them.  The party upon whom the interrogatories have been served
shall serve answers and objections, if any, within 30 days after the service of the
interrogatories.  All grounds for an objection to an interrogatory shall be stated with
specificity. Any ground not stated in a timely objection is waived unless the party's
failure is excused by the court for good cause shown.

B.  In answering these interrogatories, you are required to make full and complete
answers. You must include in your answers all information that you know or that  is
available to you, including any and all information that you can obtain from (1) making
inquiry of your principals, agents, employees, attorneys, representatives, any persons
acting or purporting to act on your behalf, and any other persons in active concert and
participation with you or with them, whether past or present and without regard to
whether or not their relationship with you currently exists or has been terminated, and (2)
making examination of any and all documents or tangible things in your possession,

custody, or control that in any way refer or relate to the information sought in these interrogatories.

C.  Each answer is to be construed as asking the source of any information provided in your answer thereto, including the identification of each person from whom you obtained any information provided in your answer and a description of any documents or tangible things replied upon by you in making your answer.  Unless otherwise specifically so stated in your answer, your answer will be deemed a statement of you of your own knowledge.

D.  You are required, if you object to any interrogatory on the grounds of privilege, work product, trade secret, or on any other grounds, to state for each such objection the precise nature of the objection made and a complete description of all facts, if any, upon which you or your counsel rely in making the objection.

## DEFINITIONS

1) "Identity" or "state identity of" with respect to a document means set forth the following information if known:
   a)    a general description thereof (e.g. letter, memorandum, report, etc.);
   b)    a brief summary of its contents;
   c)    the name and address of the custodian of the original;
   d)    the name and address of the person(s), if any, who drafted, prepared, compiled or signed it; and
   e)    any other descriptive information necessary in order to adequately describe it in a subpoena duces tecum, or in a motion or request for production thereof.

2)  As used herein, the words "record", "records", "document" or "documents" include the original and any copies of any written, printed, typed or graphic matter of any kind or nature, however produced or reproduced, any book, pamphlet, periodical, letter, memorandum, contract, agreement, invoice, bill, receipt, cancelled check, telegram, report, record, study, handwritten note, working paper, paper, chart, graph, drawing, sketch, index, tape, data sheet or data processing card of any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, now in possession, custody or control of the present or former agents, representatives, employees of Defendants or any and all persons acting in their behalf, including documents an any time in the possession, custody or control of the present or former agents, representatives, employees of Defendants or any and all persons acting in their behalf, including documents at any time in the possession, custody or control of such individuals or entities, or known by Defendants to exist.

3)  "Oral communication" refers to any oral expression, exchange or transmission of thoughts, messages, information, or the like, at any time or place, and under any circumstances whatsoever.

4)  "Persons" refers to any individual person (whether living or deceased), partnership, firm, corporation, association, joint venture, or other entity.

5) The words "you" or "your" mean the Defendants Samuel Pollack, Michael Hugo, and Albert Flanders and each of their present or former agents, employees, and all other persons acting or purporting to act on behalf of the Defendants, but the use of such terms shall not be construed so as to limit the information provided to that which is within the personal knowledge of such party.

6) "Defendant" refers to Samuel Pollack, Michael Hugo, and Albert Flanders and all of their attorneys, consultants, representatives, and other agents.

7) "Defendant individually" refers to the Defendant, Samuel Pollack as an individual and not to any of his attorneys, consultants, representatives, or other agents.

8) "Quote or Paraphrase" when used herein, requires that the Defendant solely on the basis of his personal recollection, state the exact wording of the oral statement which he also is to "quote or paraphrase." If this is not possible, then he should so indicate and provide instead a paraphrasing of the oral statement which connotes the substance of what was said, as accurately as possible. In addition, if the Defendant definitely recalls that particular words were used, he should include these words in his answers, indicating that he definitely recalls those words were used.

### SECOND SET OF INTERROGATORIES

Interrogatory No. 11

Do you have a contingency fee agreement with the Plaintiff?

Response:

Interrogatory No. 12

   If you claim to have a contingency fee agreement with the Plaintiff, please identify:
   a) the date the contingency fee agreement was signed;
   b) the name(s) of the attorney(s) who signed the agreement;
   c) the name of the law firm or partnership that the attorney(s) who signed the fee agreement were associated with or affiliated with on the date the contingency fee agreement was signed.

Response:

Interrogatory No. 13

If you do not claim to have a contingency fee agreement with the Plaintiff, please identify the theory under which you claim a fee is due Defendants.

Response:

Interrogatory No.14

If you claim a fee is due to you from the Plaintiff under the theory of quantum meruit for services provided by the Defendants to the Plaintiff in her action against Dow Corning, please identify:

a)    the number of hours you claim you worked on the Plaintiff's case;
b)    every pleading you signed on the Plaintiff's behalf prior to 12/31/03, and the dates such pleadings were docketed;
c)    every document you generated on behalf of the Plaintiff prior to 12/31/03 and the dates such documents were generated;
d)    every pleading you signed on the Plaintiff's behalf after 12/31/03 and the dates such pleadings were docketed;
e)    every document you generated on behalf of the Plaintiff after 12/31/03 and before 04/16/04 and the dates such documents were generated;
f)    the names of all witnesses you communicated with on the Plaintiff's behalf and the dates of such communications;
g)    any communications you had with the Plaintiff about her pending action against Dow Corning and the dates of all such communications;
h)    any document you filed on Plaintiff's behalf with the Dow Corning Settlement Trust Fund;
i)    any other work that you claim to have performed on the Plaintiff's behalf in her action against Dow Corning such that she owes you a fee for your services.

Response:

Interrogatory No.15

Please identify the existence of any document that shows that you notified the Plaintiff that Defendant Michael Hugo was no longer representing the Plaintiff in her action against Dow Corning.

Response:

Interrogatory No. 16

If you claim you are due a fee from the Plaintiff for services you provided her in her action against Dow Corning, please identify the amount that you claim is owed you from the Plaintiff:
    a.)      either in U.S. dollars; or
    b.)      in percentage of Plaintiff's anticipated settlement.

Response:

Interrogatory No. 17

Please identify, based on the work you claim you provided to the Plaintiff in her action against Dow Corning prior to your termination by the Plaintiff in April 2004, what you estimate the value of the Plaintiff's case against Dow Corning is worth.

Response:

Interrogatory No. 18

Please provide, with respect to Margie Primero-Allen:
    a)      dates she was employed by you;
    b)      whether she is still employed by you; or
    c)      last date of employment with you;
    d)      last known address for her;
    e)      the dates and nature of communications between Primero-Allen and Plaintiff.

Response:

Interrogatory No. 19

Please provide, with respect to any legal malpractice insurance carrier;
    a)      the name of any malpractice insurance carrier you have a policy with;
    b)      the amount of malpractice insurance policies you carry.

Response:

## CERTIFICATE OF SERVICE

I, Susan J. Pope, attorney for the Plaintiff Margetta Langlois, hereby certify that I have this 5th day of May, 2005, served a copy of the following documents on the Defendants;

      1.      Second Set of Interrogatories from Plaintiff to Defendants
      2.      Notice of Taking Deposition

by mailing a copy of the same, postage prepaid, on the following parties:

Samuel M. Pollack, Esq.
50 Congress Street, Suite 430
Boston, MA 02109

Albert Flanders, Esq.
50 Congress Street. Suite 430
Boston, MA 02109

Michael Hugo, Esq.
95 Commercial Wharf
Boston, MA 02110

Signed under the pains and penalties of perjury.


_____
Susan J. Pope, Esq.
BBO# 661202