**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **MARGETTA LANGLOIS,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION: 04-CV 11588 RWZ |
| | ) | |
| v. | ) | |
| | ) | |
| **SAMUEL POLLACK,** | ) | |
| **MICHAEL HUGO,** | ) | |
| **ALBERT FLANDERS** | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION TO COMPEL DISCOVERY AND CROSS MOTION FOR SANCTIONS
### IN THE FORM OF COSTS AND ATTORNEY'S FEES

**NOW COME** Defendants Samuel Pollack and Albert Flanders (hereafter referred

to as "Defendants") in the above-entitled action and hereby oppose Plaintiff Margetta

Langlois' (hereafter referred to as "Plaintiff") Motion To Compel Discovery.  This matter

comes before this Honorable Court on Plaintiff's Motion To Compel Discovery, served

upon Defendants on May 23, 2005.  Plaintiff's Motion asks that this Honorable Court

compel answers to interrogatories served upon Defendants and further requests that this

Honorable Court order Defendants to produce the following documents:

1. All documents [Defendants] generated on Plaintiff's behalf in her action
   against Dow Corning;

2. All documents pertaining to any fee agreement between [Defendants] and
   the Plaintiff;

3. Any documents [Defendants] filed with the Dow Corning Settlement Trust
   Fund.

Plaintiff's Motion should be denied. In support of Defendants' Opposition,

Defendants submits the following argument.

## **ARGUMENT**

### A.    **Plaintiff's Motion To Compel Discovery Is Improper As It Directly Violates The February 17, 2005 Order In This Matter Defining The Extent And Scope Of Discovery**

Defendants submit that Plaintiff's Motion is improper as it is in direct violation of

this Court Order of February 17, 2005 that stated:

> **Defendants have answered plaintiff's interrogatories. To the extent that plaintiff seeks more detail, she shall file a motion to compel by March 2, 2005, along with a copy of the revised, comprehensible questions which she seeks further answer.** (emphasis added).

(See Exhibit A, February 17, 2005 Order).

The February 17th Order required Plaintiff to file a Motion to Compel further

answers to interrogatories by March 2, 2005.  (See Exhibit A, February 17, 2005 Order).

Plaintiff did not file any such motion to compel by the Court ordered deadline of March

2, 2005.  (See Exhibit B, Copy of Docket Sheet).  Instead, on May 5, 2005 Plaintiff's

counsel served Defendants with further interrogatories without leave of Court and in

violation of the Court's Order.  Plaintiff's current motion seeks to compel Defendants to

answer these improper interrogatories.

Plaintiff's counsel, in her certification, states, "Plaintiff in good faith has

communicated with the Defendants about their outstanding discovery without success."

Plaintiff's counsel fails to inform this Court that during conversations relating to

outstanding discovery, Defendants have communicated clearly their position that this

Court's February 17th Order governs discovery; and therefore, Defendants have no

2

further obligation to answer discovery. (See Exhibit C, Certification of Samuel M.

Pollack, Esq.). Moreover, Plaintiff's counsel omits the fact that Defendant Pollack and

Defendant Flanders have not objected to the taking of their own depositions. In fact,

Defendant Flanders' deposition is scheduled for June 10, 2005 and Defendant Pollack's

deposition is scheduled for June 7, 2005.

Defendants argue that the February 17th Order of this Court is clear: Plaintiff did

not file a motion to compel by the March 2, 2005 deadline; and therefore, Plaintiff's May

5, 2005 interrogatories are improper. Therefore, Defendants request that this Honorable

Court deny Plaintiff's Motion To Compel Discovery as to further interrogatories.

> **B.     Plaintiff's Motion To Compel Discovery Is Improper As It Seeks
> Information That Is Outside The Scope Of This Court's Order Of
> October 22, 2004 That Ordered That The Only Issue To Be Tried Is
> "[W]hether Defendants Were Negligent By Failing To File The
> Executed Proof Of Claim Forms On Or Before December 31, 2003."**

Plaintiff Margetta Langlois filed her Complaint, *pro se*, on July 12, 2004 alleging,

inter alia, legal malpractice by Defendants. (See Exhibit B, Copy of Docket Sheet). In

an October 22, 2004 Order, the Court (Zobel, J.) ordered that the only issue to be tried is

"[w]hether defendants were negligent by failing to file the executed proof of claim forms

on or before December 31, 2003." (See Exhibit D, October 22, 2004 Order). The

October 22nd Order eliminated Plaintiff's other claims originally found in her Complaint.

Specifically, Plaintiff alleged that Defendants had improperly placed a lien upon

Plaintiff's prospective recovery due her for personal injury claims against Dow Corning.

Plaintiff's counsel seeks to compel answers to interrogatories served upon

Defendants on May 5, 2005 and further seeks to compel the production of "[a]ll

documents pertaining to any fee agreement between [Defendants] and the Plaintiff." A

3

review of the May 5, 2005 interrogatories immediately demonstrates that many, if not all, of the interrogatories seek information that does not relate to the sole issue to be tried, "[w]hether defendants were negligent by failing to file the executed proof of claim forms on or before December 31, 2003." Instead, the interrogatories seek information relating to Plaintiff's claim for an improper lien; an issue that this Court specifically ordered would not be tried in this matter.

To the extent that any of May 5, 2005 interrogatories seek information that is in fact related to the sole issue to be tried, the interrogatories are repetitive and seek information that has previously been produced by Defendants. (See Exhibit C, Certification of Samuel M. Pollack, Esq.). Defendants, during the proper period for discovery, provided Plaintiff with the entire file kept on Plaintiff's behalf in her action against Dow Corning. (See Exhibit C, Certification of Samuel M. Pollack, Esq.).

Plaintiff's Motion To Compel Discovery seeks to discover information that is outside the scope of this Court's October 22nd Order stating the only issue to be tried is "[w]hether defendants were negligent by failing to file the executed proof of claim forms on or before December 31, 2003" and further seeks information previously produced by Defendants. (See Exhibit C, Certification of Samuel M. Pollack, Esq.). Therefore, Defendants request that this Court deny Plaintiff's Motion To Compel Discovery as to further interrogatories.

### C.    Plaintiff's Motion To Compel Discovery Is Improper Because It Is Not Ripe According To Fed. Rules Civ. Proc. R. 33

According to Fed. Rules Civ. Proc. R. 33 a party has **thirty (30) days** to respond to interrogatories properly served upon them[1]. In the instant case Plaintiff served

---

[1] Fed. Rules Civ. Proc. R. 33 states in pertinent part:

4

Defendants with Plaintiff's Second Set of Interrogatories on May 5, 2005. Subsequently, on May 23, 2005, only nineteen (19) days after the interrogatories were served, Plaintiff served upon Defendants Plaintiff's Motion To Compel Discovery.

Plaintiff's Motion is premature because it was filed prior to the end of the time period for Defendants to answer Plaintiff's Second Set of Interrogatories. Notwithstanding Defendants argument that Plaintiff's Second Set of Interrogatories are improper in the face of this Court's Orders, Defendants oppose Plaintiff's Motion on the grounds that Plaintiff's Motion to Compel is premature. Therefore, Defendants request that this Court deny Plaintiff's Motion To Compel Discovery.

### D.     Defendants Requests That This Honorable Court Enter Sanctions Against Plaintiff's Counsel In The Form Of Costs And Attorney's Fees Due To The Fact That Defendants Were Required To Oppose Plaintiff's Improper Motion.

Defendants requests that this Honorable Court enter sanctions against Plaintiff's counsel in the form of costs and attorney's fees due to the fact that Defendants were required to oppose Plaintiff's improper and premature Motion to Compel Discovery. As stated within this Opposition, Defendants have been forced to oppose this improper and untimely Motion. Defendants are therefore entitled to costs and attorney's fees for having to oppose this improper and untimely Plaintiff's Motion to Compel Discovery.

## CONCLUSION

**WHEREFORE,** Defendants Samuel Pollack and Albert Flanders respectfully request that this Honorable Court deny Plaintiff's Motion To Compel Discovery and

---

(2) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories.

Fed. Rules Civ. Proc. R. 33

5

further request that this Honorable Court enter sanctions against Plaintiff's counsel in the

form of costs and attorney's fees due to the fact that Defendants were required to oppose

plaintiff's improper and untimely motion.

## REQUEST FOR ORAL HEARING

Defendants respectfully request oral hearing on this Opposition and Cross

Motion.

Respectfully Submitted,
Defendants,

**SAMUEL POLLACK**
**ALBERT FLANDERS**
By their Attorneys,

Samuel M. Pollack, Esq.
BBO No.: 560617
Albert C. Flanders, Esq.
BBO No.: 567076
Pollack & Flanders, LLP
50 Congress Street, Suite 430
Boston, Massachusetts 02109
t. (617) 259-3000
f. (617) 250-3050

6

## CERTIFICATE OF SERVICE

I, Samuel M. Pollack hereby certify that on **June 6, 2005,** I served a true copy of the foregoing **Defendants' Opposition To Plaintiff's Motion To Compel Discovery And Cross Motion For Sanctions In The Form Of Costs And Attorney's Fees** on the following individuals:

Susan J. Pope, Esq.
1094 Essex St.
Bangor, ME 04401

Samuel M. Pollack, Esq.
BBO No.: 560617
Pollack & Flanders, LLP
50 Congress Street, Suite 430
Boston, Massachusetts 02109
t.  (617) 259-3000
f.  (617) 250-3050

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11588-RWZ

MARGETTA LANGLOIS

v.

MICHAEL HUGO, SAM POLLACK, and ALBERT FLANDERS

ORDER

February 17, 2005

ZOBEL, D.J.

Defendants' Motion to Compel Deposition and Motion to Compel Production of Documents and Answers to Interrogatories are allowed. The parties have agreed that plaintiff is to be deposed on Monday, March 14, 2005, at 9 a.m. at defendants' office. Defendants have answered plaintiff's interrogatories. To the extent that plaintiff seeks more detail, she shall file a motion to compel by March 2, 2005, along with a copy of the revised comprehensible questions to which she seeks further answer. Plaintiff shall also answer the defendants' outstanding interrogatories in legible, comprehensible form by March 2, 2005.

A pretrial conference is set for June 9, 2005, at 2 p.m. Trial is set for June 20, 2005.

_____
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

## United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:04-cv-11588-RWZ

Langlois v. Hugo
Assigned to: Judge Rya W. Zobel
Cause: JS 44 Sec. IV - no matching citation currently in
database

Date Filed: 07/12/2004
Jury Demand: Defendant
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

### Plaintiff

**Margetta Langlois**                      represented by **Susan J. Pope**
Law Office of Susan J. Pope
1094 Essex Street
Bangor, ME 04401
978-413-9233
Email: suzyjpq@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Michael Hugo**

### Defendant

**Sam Pollack**                            represented by **Samuel M. Pollack**
Pollack & Flanders
50 Congress Street
Suite 430
Boston, MA 02109
617-259-3000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Albert C. Flanders**                     represented by **Albert C. Flanders**
Pollack & Flanders LLP
50 Congress Street
Suite 430
Boston, MA 02109
617-259-3000
Fax: 617-259-3050
Email:
aflanders@pollackandflanders.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel M. Pollack**
Hugo & Pollack, LLP
440 Commercial Street
Boston, MA 02109
617-973-9777
Fax: 617-589-0789
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/12/2004 | 1 | Cover Letter/request (non-motion) from Margetta Langlois indicating a cover sheet, category sheet and IFP application were being filed with the complaint which was not the case. No Coversheet, Category sheet or IFP application were filed with the case. (Jenness, Susan) (Entered: 07/16/2004) |
| 07/12/2004 | 2 | COMPLAINT, filed by Margetta Langlois.(Jenness, Susan) (Entered: 07/16/2004) |
| 07/12/2004 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Alexander. (Jenness, Susan) (Entered: 07/16/2004) |
| 07/16/2004 | | Case undergoing preliminary screening (Jenness, Susan) (Entered: 07/16/2004) |
| 07/22/2004 | 3 | Judge Rya W. Zobel : ORDER entered. This action shall be dismissed without prejudice, 35 days from the date of this Procedural Order, unless plaintiff Margetta Langlois pays the $150.00 filing fee for this action or submits an application to proceed without prepayment of the filing fee. The Clerk is directed to send to plaintiff an Application to Proceed Without Prepayment of Fees and Affidavit with this Order.(Weissman, Linn) (Entered: 07/23/2004) |
| 07/26/2004 | 4 | Letter/request (non-motion)re; waive of filing fee from Margetta Langlois. (Urso, Lisa) (Entered: 07/28/2004) |
| 08/02/2004 | 5 | MOTION for Leave to Proceed in forma pauperis by Margetta Langlois. (Jenness, Susan) (Entered: 08/06/2004) |
| 08/02/2004 | 6 | MOTION for Leave to Proceed in forma pauperis by Margetta Langlois. (Jenness, Susan) (Entered: 08/06/2004) |
| 08/02/2004 | 7 | MOTION for Leave to Proceed in forma pauperis by Margetta Langlois. (Jenness, Susan) (Entered: 08/06/2004) |
| 08/02/2004 | 8 | Letter/request submitted by Margetta Langlois (non-motion) from the Social Security Administration. (Jenness, Susan) (Entered: 08/06/2004) |
| 08/06/2004 | | Documents No. 5,6,7 and 8 are forwarded for screening (Jenness, Susan) (Entered: 08/06/2004) |
| 08/09/2004 | 9 | Judge Rya W. Zobel : ORDER entered granting 5, 6, 7 Motions for |

| | | |
|---|---|---|
| | | Leave to Proceed in forma pauperis. The Clerk shall issue summonses and the United States Marshal shall serve a copy of the summons, complaint, and this order upon defendant(s) as directed by plaintiff with all costs of service to be advanced by the United States. (Weissman, Linn) (Entered: 08/09/2004) |
| 08/09/2004 | | Summons Issued as to Flanders, Michael Hugo, and Sam Pollack. (Weissman, Linn) (Entered: 08/09/2004) |
| 08/12/2004 | 10 | Letters/request (non-motion) from Plaintiff regarding filing of fees. (Johnson, Jay) (Entered: 08/13/2004) |
| 08/16/2004 | 11 | MOTION for Discovery by Margetta Langlois.(Johnson, Jay) (Entered: 08/17/2004) |
| 09/20/2004 | 12 | ANSWER to Complaint by Sam Pollack.(Johnson, Jay) (Entered: 09/21/2004) |
| 09/20/2004 | 13 | ANSWER to Complaint by Albert C. Flanders.(Johnson, Jay) (Entered: 09/21/2004) |
| 09/20/2004 | 14 | US Marshal Process Receipt and Return for Civil Lawsuit. Michael Hugo served Delivered on 9/14/04 (Johnson, Jay) (Entered: 09/21/2004) |
| 09/20/2004 | | ***Attorney Albert C. Flanders for Albert C. Flanders, Samuel M. Pollack for Sam Pollack added. (Urso, Lisa) (Entered: 09/22/2004) |
| 09/22/2004 | 15 | NOTICE of Scheduling Conference Scheduling Conference set for 10/21/2004 02:30 PM in Courtroom 12 before Judge Rya W. Zobel. (Urso, Lisa) (Entered: 09/22/2004) |
| 09/24/2004 | 16 | US Marshal Process Receipt and Return for Civil Lawsuit. Sam Pollack served Delivered on 9/2/04 (Johnson, Jay) (Entered: 09/24/2004) |
| 09/24/2004 | 17 | US Marshal Process Receipt and Return for Civil Lawsuit. Flanders served Delivered on 9/2/04 (Johnson, Jay) (Entered: 09/24/2004) |
| 10/06/2004 | 18 | MOTION for Default Judgment as to Michael Hugo by Margetta Langlois.(Johnson, Jay) (Entered: 10/06/2004) |
| 10/08/2004 | 19 | Request for notice of default. (Johnson, Jay) (Entered: 10/13/2004) |
| 10/13/2004 | 20 | MOTION for More Definite Statement or in the alternative, to dismiss for lack of jurisdiction by Michael Hugo.(Johnson, Jay) (Entered: 10/15/2004) |
| 10/13/2004 | 21 | MEMORANDUM in Support re 20 MOTION for More Definite Statement filed by Michael Hugo. (Johnson, Jay) (Entered: 10/15/2004) |
| 10/15/2004 | 22 | JOINT STATEMENT re scheduling conference. (Johnson, Jay) (Entered: 10/18/2004) |
| 10/15/2004 | 23 | CERTIFICATE OF CONSULTATION re 22 Joint statement re scheduling conference by Samuel M. Pollack on behalf of Sam Pollack. (Johnson, Jay) (Entered: 10/18/2004) |
| | | |

| 10/19/2004 | 24 | Letter/request (non-motion) from Marge Langlois regarding request for default and notice for hearing. (Johnson, Jay) (Entered: 10/20/2004) |
|---|---|---|
| 10/21/2004 | | electronic Clerk's Notes for proceedings held before Judge Rya W. Zobel : Scheduling Conference held on 10/21/2004. Judge agress with Joint Statement A-G; defendant leave to file answer late; Discovery due by 1/31/2005. Pretrial Conference set for 2/16/2004 02:00 PM in Courtroom 12 before Judge Rya W. Zobel. (Urso, Lisa) (Entered: 10/22/2004) |
| 10/21/2004 | 25 | NOTICE of Change of Address by Margetta Langlois (Johnson, Jay) (Entered: 10/22/2004) |
| 10/22/2004 | 26 | Judge Rya W. Zobel : ORDER entered SCHEDULING ORDER: Final Pretrial Conference set for 2/16/2005 02:00 PM in Courtroom 12 before Judge Rya W. Zobel.(Urso, Lisa) (Entered: 10/22/2004) |
| 10/22/2004 | 27 | ANSWER to Complaint with Jury Demand by Michael Hugo.(Johnson, Jay) (Entered: 10/26/2004) |
| 11/09/2004 | | Judge Rya W. Zobel : electronic ORDER entered finding as moot 11 Motion for Discovery, finding as moot 18 Motion for Default Judgment, finding as moot 20 Motion for More Definite Statement. Answer was filed and scheduling order set deadlines. (Urso, Lisa) (Entered: 11/09/2004) |
| 11/24/2004 | | Mail Returned as (Unclaimed). Mail sent to Margetta Langolois (Johnson, Jay) (Entered: 11/29/2004) |
| 12/16/2004 | 28 | MOTION to Strike Michael Hugo's Statementsof 10/13/04 by Margetta Langlois.(Johnson, Jay) (Entered: 12/17/2004) |
| 01/10/2005 | 29 | EXHIBITS by Margetta Langlois. (Johnson, Jay) (Entered: 01/11/2005) |
| 01/10/2005 | 30 | Letter/request (non-motion) from Plaintiff requesting to decline from deposition, w/attached exhibits. (Johnson, Jay) (Entered: 01/11/2005) |
| 01/10/2005 | 31 | MOTION to Compel the Deposition of Plaintiff by Sam Pollack, Albert C. Flanders. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4)(Johnson, Jay) (Entered: 01/11/2005) |
| 01/14/2005 | | Judge Rya W. Zobel : ElectronicORDER entered denying 28 Motion to Strike (Johnson, Jay) (Entered: 01/14/2005) |
| 01/26/2005 | 32 | Submission of Evidence by Margetta Langlois-Forwarded for consideration (Jenness, Susan) (Entered: 01/28/2005) |
| 02/02/2005 | 33 | Judge Rya W. Zobel : ORDER entered. PROCEDURAL ORDER re pretrial/trial Final Pretrial Conference set for 2/16/2005 02:00 PM in Courtroom 12 before Judge Rya W. Zobel.(Urso, Lisa) (Entered: 02/02/2005) |
| 02/02/2005 | 34 | MOTION to Compel Production of Documents and Answers to Interrogatories Addressed to Plaintiff Margetta Langlois by Sam Pollack, Albert C. Flanders.(Johnson, Jay) (Entered: 02/03/2005) |

| 02/02/2005 | 35 | MOTION to Amend Tracking Schedule by Sam Pollack, Albert C. Flanders.(Johnson, Jay) (Entered: 02/03/2005) |
| 02/11/2005 | 36 | PRETRIAL MEMORANDUM by Sam Pollack. (Johnson, Jay) (Entered: 02/16/2005) |
| 02/11/2005 | 37 | AFFIDAVIT re 36 Pretrial Memorandum by Sam Pollack. (Johnson, Jay) (Entered: 02/16/2005) |
| 02/16/2005 | | Judge Rya W. Zobel : electronicORDER entered granting 34 Motion to Compel, granting 31 Motion to Compel. Judge grants both motions st the conference; (Urso, Lisa) (Entered: 02/18/2005) |
| 02/16/2005 | | electronicClerk's Notes for proceedings held before Judge Rya W. Zobel : Initial Pretrial Conference held on 2/16/2005. Plaintiff's questions to defendant are to be asked in question form within 2 weeks; revised questions 3/2/05; deposition of plaintiff 3/14/05 at 9:00 a.m. until complete. (Urso, Lisa) (Entered: 02/18/2005) |
| 02/17/2005 | 38 | Judge Rya W. Zobel : Order ORDER entered. A pretrial conference is scheduled for 6/9/05 at 2:00 p.m. Trial set for 6/20/05 at 9:00 a.m.(Urso, Lisa) (Entered: 02/18/2005) |
| 02/22/2005 | 39 | MOTION for Default and Final Judgment by Margetta Langlois. (Johnson, Jay) (Entered: 02/23/2005) |
| 02/22/2005 | 40 | MOTION to Compel Court Sanctions against Samuel Pollock by Margetta Langlois.(Johnson, Jay) (Entered: 02/23/2005) |
| 02/22/2005 | 41 | MOTION to Compel Discovery of Contingency Fee Agreements by Margetta Langlois.(Johnson, Jay) (Entered: 02/23/2005) |
| 02/22/2005 | 42 | MOTION to Set Aside or to dismiss the deposition of plaintiff by Margetta Langlois.(Johnson, Jay) (Entered: 02/23/2005) |
| 02/22/2005 | 43 | MOTION to Compel Exibits 40 and 44 by Margetta Langlois.(Johnson, Jay) (Entered: 02/23/2005) |
| 02/22/2005 | 44 | MOTION for Court Order for all 3 defendants to answer interrogatories by Margetta Langlois.(Johnson, Jay) (Entered: 02/24/2005) |
| 02/22/2005 | 45 | MOTION for Hearing by Margetta Langlois.(Johnson, Jay) (Entered: 02/24/2005) |
| 02/22/2005 | 46 | Plaintiffs request (non-motion) for production of documents. (Johnson, Jay) (Entered: 02/24/2005) |
| 02/28/2005 | 47 | Letter/request for Court Orders (non-motion) from Plaintiff. (Johnson, Jay) (Entered: 03/01/2005) |
| 02/28/2005 | 48 | Letter/request for Production all Dow Corning Documents (non-motion) from Plaintiff. (Johnson, Jay) (Entered: 03/01/2005) |
| 02/28/2005 | 49 | Letter/request for defaults on Michael Hugo (non-motion) from Plaintiff. (Johnson, Jay) (Entered: 03/01/2005) |

| 03/02/2005 | 50 | Letter/request (non-motion) from Plaintiff requesting court order. (Johnson, Jay) (Entered: 03/03/2005) |
| 03/03/2005 | 51 | Judge Rya W. Zobel : ORDER entered. See Order for more details.(Urso, Lisa) Modified on 3/7/2005 (Johnson, Jay). (Entered: 03/04/2005) |
| 03/04/2005 | 52 | MOTION to Set Aside deposition set for 3/14/05 by Margetta Langlois. (Urso, Lisa) (Entered: 03/04/2005) |
| 03/04/2005 |  | Judge Rya W. Zobel : electronicORDER entered denying 52 Motion to Set Aside deposition. See Order entered this date #51. (Urso, Lisa) (Entered: 03/04/2005) |
| 03/08/2005 |  | Envelope from plaintiff which contains a ton of papers and a audio tape. (Urso, Lisa) (Entered: 03/08/2005) |
| 03/11/2005 | 53 | NOTICE of Change of Address by Margetta Langlois (Johnson, Jay) (Entered: 03/15/2005) |
| 04/21/2005 | 54 | NOTICE of Appearance by Susan J. Pope on behalf of Margetta Langlois (Johnson, Jay) (Entered: 04/22/2005) |
| 05/23/2005 | 55 | First MOTION to Amend *Scheduling statement* by Margetta Langlois. (Attachments: # (1) Exhibit doctor's confirmation for surgery# (2) Exhibit scheduling statement)(Pope, Susan) Additional attachment(s) added on 5/26/2005 (Johnson, Jay). (Entered: 05/23/2005) |
| 05/23/2005 | 56 | Second MOTION to Compel *discovery* by Margetta Langlois. (Attachments: # (1) Exhibit plaintiff's second set of interrogatories)(Pope, Susan) Additional attachment(s) added on 5/26/2005 (Johnson, Jay). (Entered: 05/23/2005) |
| 06/03/2005 |  | The pretrial conference on for 6/9/05 at 2:00 will be a status conference. (Urso, Lisa) (Entered: 06/03/2005) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/05/2005 13:01:58 | | |
| **PACER Login:** pf0794 | **Client Code:** | Langlois |
| **Description:** | Docket Report | **Search Criteria:** 1:04-cv-11588-RWZ |
| **Billable Pages:** 4 | **Cost:** | 0.32 |

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **MARGETTA LANGLOIS**, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION: 04-CV 11588 |
| | ) | |
| v. | ) | |
| | ) | |
| **SAMUEL POLLACK**, | ) | |
| **MICHAEL HUGO**, | ) | |
| **ALBERT FLANDERS** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### CERTIFICATION OF SAMUEL M. POLLACK, ESQ.

1.    I, Samuel M. Pollack, being duly sworn, depose and state that I am an attorney admitted to practice before the United States District Court for the District of Massachusetts, and have personal knowledge of the facts set forth herein;

2.    This certification is submitted in support of Defendants' Opposition To Plaintiff's Motion To Compel Discovery and in support of Defendants' Opposition To Plaintiff's Motion To Amend Tracking Schedule

3.    On or about April 21, 2005 Susan J. Pope entered her appearance as counsel for Plaintiff;

4.    Sometime after Ms. Pope entered her appearance, we conferred regarding additional discovery. During our conference, I explained to Ms. Pope our position that the Court Order of February 17, 2005 governed discovery;

5.    In compete disregard for our conversation and the Court's Order, On May 5, 2005 Plaintiff's counsel served Defendants with Plaintiff's Second Set of Interrogatories;

6.    On May 9, 2005 I held a telephone conference with co-defendant Michael Hugo and Plaintiff's counsel, Susan J. Pope;

7.    During the May 9, 2005 phone conference, I again explained to Ms. Pope my position that Plaintiff's Second Set of Interrogatories were improper and my position that the Court's February 17th Order required any motion to compel to be filed by March 2, 2005;

1

8.  During the May 9, 2005 phone conference, I explained to Ms. Pope that Defendants have produced all documents to Plaintiff that are responsive to Plaintiff's discovery request;

9.  During the May 9, 2005 phone conference, I explained to Ms. Pope that Defendants have provided Plaintiff with the entire file kept on Plaintiff's behalf in her action against Dow Corning;

10. I have produced to Plaintiff the complete file Defendants maintained on Plaintiff's behalf while Defendants represented Plaintiff in her claims against Dow Corning;

Signed under the pains and penalties of perjury, this day, June 6, 2005.

Samuel M. Pollack, Esq.
BBO No.: 560617
Pollack & Flanders, LLP
50 Congress Street, Suite 430
Boston, Massachusetts 02109
t.  (617) 259-3000
f.  (617) 250-3050

2

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11588-RWZ

MARGETTA LANGLOIS

v.

MICHAEL HUGO, et al.

SCHEDULING ORDER

October 22, 2004

ZOBEL, D. J.

This matter having come before the court at a scheduling conference held

pursuant to Rule 16, Fed. R. Civ. P., 28 U.S.C., and Margetta Langlois having

appeared F'ro Se; and Samuel M. Pollack having appeared as counsel for defendant

Michael Hugo, the following action was taken:

1.  The parties agree that the only issue to be tried is whether defendants
    were negligent by failing to file the executed proof of claim forms on or
    before December 31, 2003.

2.  The court adopts defendants' proposed pretrial schedule, paragraphs 1(a)
    through (g).

3.  Defendant Michael Hugo was granted leave to file an answer forthwith.

4.  A pretrial conference is scheduled on February 16, 2005 at 2 p.m.

_____        /s/ Rya W. Zobel
DATΞ                           RYA W. ZOBEL

UNITED STATES DISTRICT JUDGE