UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGETTA LANGLOIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAMUEL POLLACK, )<br>MICHAEL HUGO, )<br>ALBERT FLANDERS )<br>)<br>Defendants. )<br>) | CIVIL ACTION: 04-CV 11588 RWZ |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND
TRACKING SCHEDULE**

**NOW COME** Defendants Samuel Pollack and Albert Flanders (hereafter referred to as "Defendants") in the above-entitled action and hereby oppose Plaintiff Margetta Langlois' (hereafter referred to as "Plaintiff") Motion To Amend Tracking Schedule.

This matter comes before this Honorable Court on Plaintiff's Motion To Amend Tracking Schedule, served upon Defendants on May 23, 2005. Plaintiff, in her Motion seeks additional time to conduct discovery in this matter until June 30, 2005, requests that this Court reschedule the final pre-trial conference and requests that this Court reschedule the trial date.

It must be noted at the onset that, Plaintiff in this matter has been uncooperative since the inception of this case by repeatedly inundating the Court and Defendants with large amounts of illegible documents that failed to respond in any intelligible manner to Defendants' legitimate discovery requests. This Court confirmed this unfortunate

1

situation on March 3, 2005 when Judge Zobel issued an order warning Plaintiff to "cease presenting irrelevant, illegible, incomprehensible duplicative documents for filing.[1]

On March 11, 2005 Plaintiff retained legal counsel, Susan J. Pope, Esq. Since the time that Ms. Pope began representation of Plaintiff until the present, counsel for Plaintiff has done little to assist in the conclusion of this case. In fact, Plaintiff's counsel has only delayed and hindered the adjudication of this matter, and now, amazingly, she comes before this Honorable Court asking for further extension of time.

Contrary to Plaintiff's claims, the parties to this matter have conducted thorough discovery such that there is no further information that may be discovered prior to trial. Plaintiff seeks additional time for discovery and a postponement of the already scheduled trial date of June 20, 2005 for no other reason but to further delay the adjudication of this matter. Defendants would be seriously prejudiced in the event that Plaintiff's motion is allowed. For the reasons set forth herein, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion and enter an order confirming that this matter will proceed to trial on the currently scheduled trial date of June 20, 2005.

## RELEVANT FACTS

Plaintiff Margetta Langlois filed her Complaint, *pro se*, on July 12, 2004 alleging, inter alia, legal malpractice by Defendants. (See Exhibit A, Copy of Docket Sheet). In

---

[1] The Order stated:

> Although plaintiff has inundated the Court, and presumably defendants, with large amounts of paper, which she refers to as "evidence," she has failed to respond in any intelligible manner to defendants' discovery requests. At the same time, she complains that defendants have failed to respond to her requests for discovery.

The Order further stated:

> These papers do not constitute proper or appropriate filings within either the Federal Rules of Civil Procedure or the Local Rules, and impose unreasonable burdens on the Court...[p]laintiff shall cease presenting irrelevant, illegible, incomprehensible duplicative documents for filing. Violation of this order may be deemed contempt of Court and subject plaintiff to sanctions.

an October 22, 2004 Order, the Court (Zobel, J.) ordered that the only issue to be tried is "[w]hether defendants were negligent by failing to file the executed proof of claim forms on or before December 31, 2003." (See Exhibit B, October 22, 2004 Order).

Defendants have focused discovery on the sole issue to be tried in this matter. Further, Defendants have acted in good faith by propounding discovery upon Plaintiff in accordance with the Federal Rules of Civil Procedure and by further responding to Plaintiff's discovery requests. However, Plaintiff's discovery requests and responses consisted primarily of illegible, incomprehensible, unrelated collections of papers that did not comply with the Federal Rules and therefore Defendants were only able to answer discovery requests to the extent that the requests were legible and understandable.

Eventually, Plaintiff, *pro se,* and Defendants, through counsel, were present at a status conference before Hon. Rya W. Zobel, held on February 16, 2005. Following the February 16th conference, on February 17, 2005, this Honorable Court (Zobel, J.) issued an order relating to discovery in this matter. Judge Zobel's order stated:

> Defendants' Motion to Compel Deposition and Motion to Compel Production of Documents and Answers to Interrogatories are allowed. The parties have agreed that plaintiff is to be deposed on Monday, March 14, 2005 at 9:00 a.m. at defendants' office. **Defendants have answered plaintiff's interrogatories. To the extent that plaintiff seeks more detail, she shall file a motion to compel by March 2, 2005, along with a copy of the revised, comprehensible questions which she seeks further answer.** Plaintiff shall answer the defendants' outstanding interrogatories in legible, comprehensible form by March 2, 2005. (emphasis added).

(See Exhibit C, February 17, 2005 Order).

In spite of the Court's February 17th Order, Plaintiff continued to submit illegible and invalid documents to the Court and continued to serve documents upon Defendants. (See Exhibit A, Copy of Docket Sheet). Between February 17, 2005 and March 3, 2005

the Docket Sheet in this case reflects thirteen (13) submissions, six (6) of which were categorized as "Motions" by the clerk's office. (See Exhibit A, Copy of Docket Sheet).

On March 3, 2005 the Court (Zobel, J.) in response to Plaintiff's submissions, issued a further order relating to discovery, but more specifically relating to Plaintiff's continued filings. (See Exhibit D, March 3, 2005 Order). The Order stated:

> Although plaintiff has inundated the Court, and presumably defendants, with large amounts of paper, which she refers to as "evidence," she has failed to respond in any intelligible manner to defendants' discovery requests. At the same time, she complains that defendants have failed to respond to her requests for discovery.

The Order further stated:

> These papers do not constitute proper or appropriate filings within either the Federal Rules of Civil Procedure or the Local Rules, and impose unreasonable burdens on the Court…[p]laintiff shall cease presenting irrelevant, illegible, incomprehensible duplicative documents for filing. Violation of this order may be deemed contempt of Court and subject plaintiff to sanctions.

Plaintiff did not file a motion to compel by March 2, 2005 as required by the February 17th Order. (See Exhibit E, Certification of Samuel M. Pollack, Esq.). Further, Plaintiff continued to disobey the Court's order when she submitted an envelope to the Court on March 8, 2005 that contained "a ton of papers and a audio tape." (See Exhibit A, Copy of Docket Sheet).

On March 11, 2005 Plaintiff retained counsel on her behalf; however, Plaintiff's attorney Susan J. Pope, Esq. did not enter her appearance on behalf of Plaintiff until April 21, 2005. (See Exhibit A, Copy of Docket Sheet). On April 25, 2005 Ms. Pope contacted Defendant Samuel Pollack by phone in order to discuss this matter. (See Exhibit F, Transcript of Messages in Voice Mailbox of Samuel M. Pollack). In Ms.

4

Pope's recorded phone message she stated that she intended to send a Massachusetts General Laws, c. 93A demand letter to Defendant Pollack in spite of the fact that she didn't "think it [had] any validity." (See Exhibit F, Transcript of Messages in Voice Mailbox of Samuel M. Pollack). Further, on March 29, 2005, while at Defendants' Boston office for Plaintiff's deposition, Plaintiff's counsel explained to Defendants' counsel her intention to discontinue Plaintiff's lawsuit because she believed that Plaintiff's claims were legally unsound. (See Exhibit E, Certification of Samuel M. Pollack, Esq.).

In fact, on March 29, 2005, while at Defendants' Boston office for Plaintiff's deposition, the parties reached a tentative settlement of this matter, a settlement that Plaintiff's counsel refers to in a phone message to Defendant Pollack on May 12, 2005. (See Exhibit F, Transcript of Messages in Voice Mailbox of Samuel M. Pollack). On May 12, 2005 Plaintiff's counsel stated that she "would like to try to get back to our original settlement that you [Pollack] and I had worked out. That would definitely have been in Margetta's best interests." (See Exhibit F, Transcript of Messages in Voice Mailbox of Samuel M. Pollack). In spite of her phone message where she acknowledges that the parties had reached settlement in this matter, on May 23, 2005 Plaintiff's counsel served the instant Motion to Compel Discovery. Amazingly, Plaintiff's counsel now requests an amendment to the tracking order in this case so that she can conduct further discovery in a matter that she acknowledges had reached settlement and has admitted to be non-meritorious.

Defendants would be seriously prejudiced in the event that Plaintiff's motion is allowed. As such, Defendants respectfully request that this Honorable Court deny

Plaintiff's Motion and enter an order confirming that this matter will proceed to trial on the currently scheduled trial date of June 20, 2005.

## ARGUMENT

### A. Discovery In This Matter Is Complete And Additional Time To Conduct Further Discovery Would Only Prejudice Defendants

As ground in support of Plaintiff's Motion To Amend Tracking Schedule Plaintiff states that there is outstanding discovery in this matter due to Plaintiff by Defendants. Specifically, Plaintiff states that Defendants have yet to provide Plaintiff "initial required disclosures" pursuant to Fed. Rules Civ. Proc R. 26 and Defendants have further failed to respond to interrogatories served on Defendants by Plaintiff on May 5, 2005. Plaintiff's position is erroneous because Defendants have produced all of the relevant information that may be discovered in this matter and the information sought by Rule 26 has been produced. Moreover, Defendants should not be forced to respond to the additional discovery propounded by Plaintiff as it was Plaintiff's counsel who delayed until May 5, 2005, two months after she was initially retained, in order to serve additional interrogatories.

Defendants provided Plaintiff with the entire file kept on Plaintiff's behalf. That is, all documentation that Plaintiff may rely to support her claims has been produced to Plaintiff. Also, Defendants Samuel Pollack and Albert Flanders have agreed to be deposed by Plaintiff prior to the scheduled trial date. Currently, Defendant Flanders' deposition is scheduled for June 10, 2005 and Defendant Pollack's deposition is scheduled for June 7, 2005.

Since the inception of this case, Defendants have responded to all discovery and complied with all of this Court's Orders while Plaintiff has repeatedly failed to likewise

comply with the Court's Rules and Order. Postponing the trial date in this matter would severely prejudice Defendants and therefore, Plaintiff's motion should be denied.

### 1. All Information Contained In Fed. Rules Civ. Proc R. 26 Disclosures Has Been Produced Through Traditional Discovery In This Matter And Additional Time For Discovery Will Not Result In Any New Information

Plaintiff argues that Defendants have not provided the Initial Disclosures pursuant to Fed. Rules Civ. Proc Rule 26[2]. This position is erroneous. Defendants have produced all of the information that would be found in a Rule 26 disclosure and more. A review of Rule 26[3], a review of Defendants' discovery responses and a review of this Court's Order of February 17, 2005 show that the information sought by Plaintiff is already a part of the

---

[2] Fed. Rules Civ. Proc R. 26 requires the following disclosures:
   a) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;
   b) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;
   c) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and
   d) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

[3] Advisory Committees Notes on the 1993 Amendment to Fed. Rules Civ. Proc. R. 26 provides:

> Enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request. **Nor are parties precluded from using traditional discovery methods to obtain further information regarding these matters**, as for example asking an expert during a deposition about testimony given in other litigation beyond the four-year period specified in Rule 26(a)(2)(B). (emphasis added.)

Fed. Rules Civ. Proc. R. 26.

> A major purpose of the revision is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives.

Id.

record in this matter. In fact, this Court, in its February 17, 2005 Order stated, "Defendants have answered plaintiff's interrogatories."

Plaintiff's motion seeks to place form over substance by requesting that Defendants produce a document that is titled "Rule 26 Disclosure." However, the purpose of the rule has been satisfied by the traditional discovery requests and responses in this matter.

Plaintiff, in her Certification, states that "The Plaintiff requested all required initial disclosures and answers to Plaintiff's second set of interrogatories submitted to the Defendants on May 5, 2005, which the Defendants have yet to comply with." Plaintiff's statement misleads this Court. Plaintiff's counsel has had several conversations with Defendant Pollack where they have discussed discovery in this matter. Plaintiff's counsel fails to inform the Court that Defendant Pollack has repeatedly explained that there is no further information that can be produced and has repeatedly directed Plaintiff's counsel to the Orders of this Court relating to discovery. Specifically, Defendant Pollack has explained to Plaintiff's counsel that Defendants have turned over to Plaintiff the entire file compiled by Defendants' office. Plaintiff's counsel has ignored Defendants' position with respect to discovery and her certification illustrates the point that she seeks only to delay the trial in this matter.

Finally, Plaintiff is unable to demonstrate that the fact that Defendants have not literally complied with Fed. Rules Civ. Proc. R. 26 has caused any amount of harm to Plaintiff. Instead, Plaintiff attempts to further delay and hinder the trial in this matter and attempts to circumvent the Federal Rules of Civil Procedure. It is Defendants who continue to be harmed by the prolonged duration of this matter. This litigation includes

8

claims of legal malpractice, very serious allegations. Defendants must be afforded a fair opportunity to defend themselves against these claims in a timely manner in compliance with the Federal Rules and the ideals of due process. Further delay in this matter would directly prejudice Defendants.

> 2. **Plaintiff's Claim That Defendants Have Failed To Respond To Interrogatories Served On Defendants By Plaintiff On May 5, 2005 Is Erroneous Because Plaintiff's Interrogatories Were Served In Violation Of This Court's February 17, 2005 Order**

Plaintiff claims that Defendants have failed to respond to interrogatories served on Defendants by Plaintiff on May 5, 2005. This contention is erroneous because Plaintiff's May 5th interrogatories are improper and in violation of this Court's February 17, 2005 order. As stated previously, Plaintiff did not file a motion to compel by March 2, 2005 as required by the February 17th Order. Instead, Plaintiff served upon Defendants interrogatories on May 5, 2005.

Plaintiff, in her Motion To Amend Tracking Schedule states:

> 7. Further, on Further 17th, 2005 this Honorable Court issued an order that the Plaintiff file a motion to compel by March 2, 2005, if the Plaintiff sought more detail from the Defendants in their answers to Plaintiff's interrogatories....
>
> 11. On May 5, 2005, the Plaintiff served the Defendants with additional interrogatories.

By Plaintiff's own admission, the interrogatories are improper as they are served in violation of this Court's February 17, 2005 Order. Plaintiff, at no time sought leave of Court in order to file said interrogatories. Rather, Plaintiff served the interrogatories on Defendants approximately six (6) weeks prior to the scheduled trial date of June 20, 2005. Therefore, Plaintiff's contention that Defendants must answer further interrogatories is erroneous.

9

Moreover, Plaintiff's interrogatories reference issues that are not before this Honorable Court as part of this litigation. Specifically, in an October 22, 2004 Order, the Court (Zobel, J.) ordered that the only issue to be tried is "[w]hether defendants were negligent by failing to file the executed proof of claim forms on or before December 31, 2003." Plaintiff's May 5th interrogatories seek information not related to the limited issue found in the October 22nd Order.

### 3. Plaintiff's June 2, 2005 Surgery In Florida Is Not A Valid Reason For Allowing Plaintiff's Motion

Plaintiff, in her Motion to Amend, states that she will be undergoing surgery in Florida on June 2, 2005 in order to remove her silicone breast implants and will be unable to travel to Massachusetts for several weeks following the surgery. In addition, Plaintiff attaches a copy of a letter from the Plaintiff's treating physician. Presumably, Plaintiff relies upon her June 2, 2005 as reason in support of postponing the trial date.

However, the physician's letter attached to Plaintiff's motion plainly states that Plaintiff will not be able to travel for two (2) weeks following the surgery. Two weeks from June 2, 2005 is June 16, 2005, a date prior to the scheduled trial date of June 20, 2005. As such, the physician's letter attached to Plaintiff's motion is not persuasive and, in fact, does not support Plaintiff's claim that the trial date should be delayed. Instead, the physician's letter attached to Plaintiff's motion shows that Plaintiff's counsel is simply attempting to delay the trial date without a legitimate basis.

Additionally, Plaintiff stated during her deposition that she scheduled her June 2, 2005 surgery with knowledge that trial in this matter was scheduled for June 20, 2005 and that Plaintiff did not inquire into the alternative dates for the procedure. (See Exhibit G, Excerpts of Deposition of Margetta Langlois). Plaintiff then went on to further state

that, on several occasions, she has scheduled and cancelled the exact same surgery that she is having on June 2, 2005. (See Exhibit G, Excerpts of Deposition of Margetta Langlois).

Regardless of whether Plaintiff intentionally attempted to delay the trial date by scheduling her surgery on June 2, 2005, the point is moot. Plaintiff own physician has provided her medical clearance to be at the trial on June 20, 2005. Plaintiff's June 2, 2005 surgery in Florida is not a valid reason for postponing the trial date and therefore Plaintiff's Motion To Amend Tracking Schedule should be denied.

## CONCLUSION

**WHEREFORE,** Defendants Samuel Pollack and Albert Flanders respectfully request that this Honorable Court deny Plaintiff's Motion and enter an order confirming that this matter will proceed to trial on the currently scheduled trial date of June 20, 2005.

Plaintiff's Motion To Amend Tracking Schedule improperly seeks additional time to conduct discovery in this matter and improperly requests that this Court reschedule the final pre-trial conference and trial date. Contrary to Plaintiff's claims, the parties to this matter have conducted thorough discovery such that there is no further information that may be discovered prior to trial. Plaintiff seeks additional time for discovery and a postponement of the already scheduled trial date of June 20, 2005 for no other reason but to further delay the adjudication of this matter. Defendants would be seriously prejudiced in the event that Plaintiff's motion is allowed. Therefore, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion and enter an order confirming that this matter will proceed to trial on the currently scheduled trial date of June 20, 2005.

Respectfully Submitted,
Defendants,

**SAMUEL POLLACK**
**ALBERT FLANDERS**
By their Attorneys,

_____
Samuel M. Pollack, Esq.
BBO No.: 560617
Albert C. Flanders, Esq.
BBO No.: 567076
Pollack & Flanders, LLP
50 Congress Street, Suite 430
Boston, Massachusetts 02109
t. (617) 259-3000
f. (617) 250-3050

12

## CERTIFICATE OF SERVICE

    I, Samuel M. Pollack hereby certify that on **June 6, 2005,** I served a true copy of the foregoing **Defendants' Opposition To Plaintiff's Motion To Amend Tracking Schedule** on the following individuals:

Susan J. Pope, Esq.
1094 Essex St.
Bangor, ME 04401

_____
Samuel M. Pollack, Esq.
BBO No.: 560617
Pollack & Flanders, LLP
50 Congress Street, Suite 430
Boston, Massachusetts 02109
t. (617) 259-3000
f. (617) 250-3050

13