# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11588-RWZ

MARGETTA LANGLOIS

v.

MICHAEL HUGO, et al.

SCHEDULING ORDER

October 22, 2004

ZOBEL, D. J.

This matter having come before the court at a scheduling conference held pursuant to Rule 16, Fed. R. Civ. P., 28 U.S.C., and Margetta Langlois having appeared Pro Se; and Samuel M. Pollack having appeared as counsel for defendant Michael Hugo, the following action was taken:

1. The parties agree that the only issue to be tried is whether defendants were negligent by failing to file the executed proof of claim forms on or before December 31, 2003.

2. The court adopts defendants' proposed pretrial schedule, paragraphs 1(a) through (g).

3. Defendant Michael Hugo was granted leave to file an answer forthwith.

4. A pretrial conference is scheduled on February 16, 2005 at 2 p.m.

_____        /s/ Rya W. Zobel_____
DATE                                  RYA W. ZOBEL

UNITED STATES DISTRICT JUDGE

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11588-RWZ

MARGETTA LANGLOIS

v.

MICHAEL HUGO, SAM POLLACK, and ALBERT FLANDERS

ORDER

February 17, 2005

ZOBEL, D.J.

  Defendants' Motion to Compel Deposition and Motion to Compel Production of Documents and Answers to Interrogatories are allowed. The parties have agreed that plaintiff is to be deposed on Monday, March 14, 2005, at 9 a.m. at defendants' office. Defendants have answered plaintiff's interrogatories. To the extent that plaintiff seeks more detail, she shall file a motion to compel by March 2, 2005, along with a copy of the revised, comprehensible questions to which she seeks further answer. Plaintiff shall also answer the defendants' outstanding interrogatories in legible, comprehensible form by March 2, 2005.

  A pretrial conference is set for June 9, 2005, at 2 p.m. Trial is set for June 20, 2005.

_____  
DATE

/s/ Rya W. Zobel  
RYA W. ZOBEL  
UNITED STATES DISTRICT JUDGE

**EXHIBIT D**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11588-RWZ

MARGETTA LANGLOIS

v.

MICHAEL HUGO, SAM POLLACK, and ALBERT FLANDERS

ORDER

March 3, 2005

ZOBEL, D.J.

Plaintiff, acting pro se, has brought this action for legal malpractice against three lawyers who had once represented her. Although plaintiff has inundated the Court, and presumably defendants, with large amounts of paper, which she refers to as "evidence," she has failed to respond in any intelligible manner to defendants' discovery requests. At the same time, she complains that defendants have failed to respond to her requests for discovery. After a conference with the parties, the Court issued an order as follows:

> Defendants' Motion to Compel Deposition and Motion to Compel Production of Documents and Answers to Interrogatories are allowed. The parties have agreed that plaintiff is to be deposed on Monday, March 14, 2005, at 9 a.m. at defendants' office. Defendants have answered plaintiff's interrogatories. To the extent that plaintiff seeks more detail, she shall file a motion to compel by March 2, 2005, along with a copy of the revised, comprehensible questions to which she seeks further answer. Plaintiff shall also answer the defendants' outstanding interrogatories in legible, comprehensible form by March 2, 2005.

The Court also orally cautioned plaintiff against filing illegible, incomprehensible, unrelated collections of papers. To the extent plaintiff insisted on filing "evidence," the

Court ordered her orally not to do so except as the Rules require in connection with discovery disputes.

Since then, plaintiff has filed two more packets of paper. One contains 43 sheets including four pages of "Copy Activity Report" apparently generated by Staples, as well as that company's receipt; two copies of a request to the Clerk "To Set These papers Before The Court a.s.a.p. . . . "; a "Request by Plaintiff to 'Set Aside' depositions set for March 14, 2005 9 a.m. due to 'Perjury' of 3 Def., Final Judgements by 'Defendants' . . . . "; and "Requests to Compel Court Orders for Defaults and Final Judgments on all 3 Defendants" with annotations, interlineations and attachments. The attachments consist of an annotated docket sheet for this case, annotated fax transmittal sheets, two copies of portions of documents from the Dow Corning bankruptcy proceeding, copies of handwritten documents plaintiff had apparently earlier filed in this case, and heavily annotated copies of correspondence. The Court is advised on one sheet: "The 'Law' is the 'Law' and Nothing Less! Court Needs to Act Upon it Now!"

The second group is larger still, but again includes the several Staples forms and receipts with the admonition to the Court: "Justice Needs to be Resolved! Pathetic." Within this package exist subparcels entitled "Exhibits of Extortion & Perjury," "Exhibit for Trial," "Exhibit for Dow Corning Lien for Pollack Flanders to Extortion."

These papers do not constitute proper or appropriate filings within either the Federal Rules of Civil Procedure or the Local Rules, and they impose unreasonable burdens on the Court. Accordingly, it is Ordered:

2

1. Except for a two-page document entitled "Request by Plaintiff to Set Aside Depositions set for March 14, 2005," the Clerk shall return to plaintiff all papers submitted on February 25 and 28, 2005.

2. The Clerk shall docket the two-page document referenced in paragraph 1 above.

3. Treating the "Request" as a motion for a continuance of the scheduled deposition, it is denied. If plaintiff chooses not to attend her deposition, she may be subject to sanctions under Rule 37, Fed. R. Civ. P., including dismissal of the complaint.

4. Plaintiff shall cease presenting irrelevant, illegible, incomprehensible, duplicative documents for filing. Violation of this order may be deemed contempt of Court and subject plaintiff to sanctions.

_____    /s/ Rya W. Zobel_____
       DATE                                      RYA W. ZOBEL
                                                 UNITED STATES DISTRICT JUDGE

# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGETTA LANGLOIS,<br><br>　　Plaintiff,<br><br>v.<br><br>SAMUEL POLLACK,<br>MICHAEL HUGO,<br>ALBERT FLANDERS<br><br>　　Defendants. | CIVIL ACTION: 04-CV 11588 |

### CERTIFICATION OF SAMUEL M. POLLACK, ESQ.

1. I, Samuel M. Pollack, being duly sworn, depose and state that I am an attorney admitted to practice before the United States District Court for the District of Massachusetts, and have personal knowledge of the facts set forth herein;

2. This certification is submitted in support of Defendants' Opposition To Plaintiff's Motion To Compel Discovery and in support of Defendants' Opposition To Plaintiff's Motion To Amend Tracking Schedule

3. On or about April 21, 2005 Susan J. Pope entered her appearance as counsel for Plaintiff;

4. Sometime after Ms. Pope entered her appearance, we conferred regarding additional discovery. During our conference, I explained to Ms. Pope our position that the Court Order of February 17, 2005 governed discovery;

5. In compete disregard for our conversation and the Court's Order, On May 5, 2005 Plaintiff's counsel served Defendants with Plaintiff's Second Set of Interrogatories;

6. On May 9, 2005 I held a telephone conference with co-defendant Michael Hugo and Plaintiff's counsel, Susan J. Pope;

7. During the May 9, 2005 phone conference, I again explained to Ms. Pope my position that Plaintiff's Second Set of Interrogatories were improper and my position that the Court's February 17th Order required any motion to compel to be filed by March 2, 2005;

1

8. During the May 9, 2005 phone conference, I explained to Ms. Pope that Defendants have produced all documents to Plaintiff that are responsive to Plaintiff's discovery request;

9. During the May 9, 2005 phone conference, I explained to Ms. Pope that Defendants have provided Plaintiff with the entire file kept on Plaintiff's behalf in her action against Dow Corning;

10. I have produced to Plaintiff the complete file Defendants maintained on Plaintiff's behalf while Defendants represented Plaintiff in her claims against Dow Corning;

Signed under the pains and penalties of perjury, this day, June 6, 2005.

_/s/ Samuel M. Pollack_
Samuel M. Pollack, Esq.
BBO No.: 560617
Pollack & Flanders, LLP
50 Congress Street, Suite 430
Boston, Massachusetts 02109
t. (617) 259-3000
f. (617) 250-3050